IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROLANDA CANADA O/B/O, <br> K.M.B, A MINOR <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting <br> Commissioner of the Social Security <br> Administration, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. CIV-15-426-R |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion and Brief for Payment of Attorney's Fees Pursuant to 28 U.S.C. § 2412(d)(1)(a) (The Equal Access to Justice Act (EAJA)) (ECF No. 21). Specifically, Plaintiff seeks an award of fees in the amount of $4,794.00. (ECF Nos. 21, 22, 23). Defendant objects to the amount of fee requested, arguing that it is unreasonable. (ECF No. 24). The Court should **GRANT** Plaintiff's Motion for fees in the amount of **$4,211.20.**

I. **ATTORNEY FEES AUTHORIZED UNDER EAJA—ENTITLEMENT AND REASONABLENESS**

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)).

When evaluating a claim for attorney fees under EAJA, the court must first determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan,* 73 F.3d 1012, 1017 (10th Cir. 1996). Factors considered in a reasonableness determination include: (1) the hours that would be properly billed to one's client in accordance with good "billing judgment," (2) time spent on specific tasks, and (3) duplication of efforts. *Malloy,* 73 F.3d at 1017–18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy,* 73 F.3d at 1018. Although the Tenth Circuit does not require an automatic reduction in hours to adjust for multiple representation, district courts should give particular attention to the possibility of duplication. *See Alpine Bank v. Hubbell,* No. 05–CV–26, 2010 WL 1258002, at *4 (D. Colo. Mar. 24, 2010). "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *Malloy,* 73 F.3d at 1018.

## II. COMMISSIONER'S OBJECTIONS REGARDING REASONABLENESS OF REQUESTED FEE

Ms. Colvin does not dispute Plaintiff's entitlement to attorney fees at the hourly rate of $188.00. In fact, it appears as though Defendant concedes Plaintiff's entitlement

to fees for 13.2 hours.[1] Thus, at the hourly rate of $188.00, the Court should conclude that Ms. Canada is entitled to recover $2,481.60. Defendant challenges the reasonableness of the remaining 12.3 hours billed by Mr. Jones. According to Ms. Colvin, 3.1 of the billed hours are for non-compensable clerical tasks, and 9.2 of the hours billed are excessive. (ECF No. 24).

### A. Allegedly Non-Compensable Work

Plaintiff has requested reimbursement for 3.1 hours worth of work, calculated as follows: (1) receipt and review and docketing of the Appeals Council's denial (.3 hour); (2) telephone conference with client regarding Appeals Council's denial and federal court appeal; mail *in forma pauperis* (IFP) application to Plaintiff (.9 hour); (3) draft the Complaint, civil cover sheets, summons, and application to proceed IFP and send to court for filing (.9 hour); and (4) preparing and mailing summons and Complaint to Defendant (1.0 hour). (ECF No. 23-1:1-2). Ms. Colvin objects, arguing: (1) that "block billing" tasks disallows the Court to evaluate the reasonableness of the requests, and (2) several of the block-billed tasks are "non-compensable" clerical tasks. (citing district of Oregon case which held that attorney time spent drafting and serving summons was "non-compensable clerical work.") (ECF No. 24:3-4).

---

[1] Defendant does not challenge the billing entries for: March 31, 2015; April 2, 2015; April 20, 2015; June 18, 2015; June 25, 2015; August 10, 2015; August 12, 2015; or August 14, 2015. The Court assumes that Ms. Colvin does not dispute the time billed for these entries in light of her specific challenges to the remaining 26 entries. *See* ECF No. 24:2-7.

The Court agrees that the block-billed nature of the entries makes it impossible to discern how long each task required and Mr. Jones should not be compensated for "clerical services." See Bowers v. Astrue, No. 07-CV-00454-WYD, 2008 WL 2568801, at *3 (D. Colo. June 24, 2008) (deducting time that attorney billed for "for clerical services, since such services do not require professional skill or expertise."). In addition, it appears as though Mr. Jones has entered duplicative billing entries for drafting the Complaint. (ECF No. 23-1:1-2). However, the disputed entries also include legitimate, compensable work, including Mr. Jones' receipt and review of the Appeals Council's denial, preparation of the IFP motion and the Complaint, and conferencing with his client. Thus, the Court reduces the amount of compensable time for these requests from 3.1 hours to 1.7 hours. At the hourly rate of $188.00,[2] the compensable amount is $319.60, a reduction of **$263.20**.

### B. Allegedly Excessive Work

Between August 27, 2015 and November 18, 2015, Plaintiff's attorney billed 9.2 hours. (ECF No. 23-1:3-4). Fourteen of the sixteen entries are for .3 hour for various tasks. (ECF No. 23-1:3-4). Another entry seeks compensation for 2.0 hours which includes preparation of the EAJA fee application and statement of billing services. (ECF No. 23-1:4). For two reasons, Ms. Colvin seeks a reduction of 6 hours of this time. (ECF No. 24:6). First, Defendant states: "every time Plaintiff's counsel touched the file for this case, he requested EAJA fees for at least 0.3 hour (i.e., 18 minutes) which is

---

[2] See infra regarding the hourly rate.

4

unreasonable[.]" (ECF No. 24:6). Second, Defendant argues that Plaintiff's EAJA motion was generally "boilerplate" and "the attorney fee billing records should have been maintained contemporaneously." (ECF No. 24:6). The Court agrees with a reduction of compensable time, but not in the amount requested by Ms. Colvin.

First, the Court should not dispute the amount of time alleged by Mr. Jones regarding phone conferences with his client, which comprised .9 hour. (ECF No. 23-1:3-4). The Court should also find that Mr. Jones' request for 2.0 hours to prepare is his EAJA fee application and supporting documents is reasonable. The remaining amount of time billed (6.3 hours) involved Mr. Jones' receipt and review of various documents, nearly half of which were less than one-half page long. (ECF No. 23-1:3-4 billing entries for October 9, 2015, October 25, 2015, October 27, 2015, and November 9, 2015). For those entries, the Court should reduce the amount of compensable time by .1 hour for each entry, for a total reduction of .4 hour or **$75.20**.

Additionally, the entries of October 6, 2015 and October 7, 2015, as well as the two entries of November 9, 2015 and the two entries of November 12, 2015 appear to involve duplicative tasks. Thus, the Court should eliminate the three duplicative entries, each comprising of .3 hours, for a total additional reduction of .9 hours. Thus, for the 9.2 hours billed between August 27, 2015 and November 18, 2015, the Court should conclude that Plaintiff is entitled to recover fees for 7.9 hours. At the hourly rate of $188.00, the total compensable amount is $1,485.20, a reduction of **$244.40**.

### III. TOTAL AMOUNT OF RECOVERABLE FEE

Plaintiff has requested a total fee award in the amount of $4,794.00 for 25.5 hours of work at the hourly rate of $188.00. (ECF Nos. 21, 22, 23). An award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Ms. Canada has requested an upward adjustment of the statutory rate and has provided supporting documentation in the form of a letter dated March 24, 2015, from the Office of the General Counsel of the Social Security Administration. (ECF No. 23-2). This letter establishes that the authorized maximum hourly rate for attorney work in Oklahoma in 2015 was $188.00. (ECF No. 23-2). Thus, Ms. Canada is entitled to an upward adjustment of the hourly fee consistent with the evidence provided.

As explained, the Court should reduce the number of compensable hours from 25.5 hours to 22.8 hours. Thus, based on the hourly rate of $188.00, the Court should conclude that Plaintiff is entitled to a total award of attorney fees under the EAJA in the amount of **$4,211.20.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

### IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the Court should **GRANT** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of **$4,211.20.**

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **August 29, 2016**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.  STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on August 10, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE